Honorable James L. Robart

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SNOHOMISH COUNTY PUBLIC HOSPITAL DISTRICT NO. 1, a Washington Public Hospital District, d/b/a/ EVERGREENHEALTH MONROE,<br><br>Plaintiffs,<br><br>vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | No. 2:17-cv-01456<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

STIPULATED PROTECTIVE ORDER – PAGE 1

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1  confidential treatment under the applicable legal principles, and it does not presumptively

2  entitle parties to file confidential information under seal.

3  **2.    "CONFIDENTIAL" MATERIAL**

4      "Confidential" material shall include the following documents and tangible things

5  produced or otherwise exchanged:  Underwriting files and materials, including but not limited

6  to premium, rating information, underwriting policies and guidelines, documents relating to

7  marketing, sales, claims handling policies and procedures, and documents relating to insureds

8  and prospective insureds other than Evergreen Health Monroe.

9  **3.    SCOPE**

10     The protections conferred by this agreement cover not only confidential material (as

11  defined above), but also (1) any information copied or extracted from confidential material;

12  (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

13  testimony, conversations, or presentations by parties or their counsel that might reveal

14  confidential material.

15     However, the protections conferred by this agreement do not cover information that is

16  in the public domain or becomes part of the public domain through trial or otherwise.

17  **4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

18     **4.1    Basic Principles.**  A receiving party may use confidential material that is

19  disclosed or produced by another party or by a non-party in connection with this case only for

20  prosecuting, defending, or attempting to settle this litigation.  Confidential material may be

21  disclosed only to the categories of persons and under the conditions described in this

22  agreement.  Confidential material must be stored and maintained by a receiving party at a

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1   location and in a secure manner that ensures that access is limited to the persons authorized

2   under this agreement.

3       **4.2    Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise

4   ordered by the court or permitted in writing by the designating party, a receiving party may

5   disclose any confidential material only to:

6           (a)    the receiving party's counsel of record in this action, as well as

7   employees of counsel to whom it is reasonably necessary to disclose the information for this

8   litigation;

9           (b)    the officers, directors, and employees (including in house counsel) of the

10  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

11  agree that a particular document or material produced is for Attorney's Eyes Only and is so

12  designated;

13          (c)    experts and consultants to whom disclosure is reasonably necessary for

14  this litigation and who have provided written acknowledgment that they are bound by the terms

15  of this Stipulated Protective Order;

16          (d)    the court, court personnel, and court reporters and their staff;

17          (e)    copy or imaging services retained by counsel to assist in the duplication

18  of confidential material, provided that counsel for the party retaining the copy or imaging

19  service instructs the service not to disclose any confidential material to third parties and to

20  immediately return all originals and copies of any confidential material;

21          (f)    during their depositions, witnesses in the action to whom disclosure is

22  reasonably necessary and who have provided written acknowledgment that they are bound by

23  the terms of this Stipulated Protective Order, unless otherwise agreed by the designating party

STIPULATED PROTECTIVE ORDER – PAGE 3

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1    or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions

2    that reveal confidential material must be separately bound by the court reporter and may not be

3    disclosed to anyone except as permitted under this agreement;

4             (g)      the author or recipient of a document containing the information or a

5    custodian or other person who otherwise possessed or knew the information.

6    **4.3**      **Filing Confidential Material.**  Before filing confidential material or discussing

7    or referencing such material in court filings, the filing party shall confer with the designating

8    party to determine whether the designating party will remove the confidential designation,

9    whether the document can be redacted, or whether a motion to seal or stipulation and proposed

10    order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and

11    the standards that will be applied when a party seeks permission from the court to file material

12    under seal.

13    **5.**      **DESIGNATING PROTECTED MATERIAL**

14    **5.1**      **Exercise of Restraint and Care in Designating Material for Protection.**

15    Each party or non-party that designates information or items for protection under this

16    agreement must take care to limit any such designation to specific material that qualifies under

17    the appropriate standards.  The designating party must designate for protection only those parts

18    of material, documents, items, or oral or written communications that qualify, so that other

19    portions of the material, documents, items, or communications for which protection is not

20    warranted are not swept unjustifiably within the ambit of this agreement.

21    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

22    shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

23

STIPULATED PROTECTIVE ORDER – PAGE 4

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1  unnecessarily encumber or delay the case development process or to impose unnecessary

2  expenses and burdens on other parties) expose the designating party to sanctions.

3      If it comes to a designating party's attention that information or items that it designated

4  for protection do not qualify for protection, the designating party must promptly notify all other

5  parties that it is withdrawing the mistaken designation.

6      **5.2    Manner and Timing of Designations.**  Except as otherwise provided in this

7  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

8  ordered, disclosure or discovery material that qualifies for protection under this agreement must

9  be clearly so designated before or when the material is disclosed or produced.

10          (a)    Information in documentary form:  (*e.g.*, paper or electronic documents

11  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

12  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

13  contains confidential material.  If only a portion or portions of the material on a page qualifies

14  for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

15  making appropriate markings in the margins).

16          (b)    Testimony given in deposition or in other pretrial proceedings:  the

17  parties must identify on the record, during the deposition, hearing, or other pretrial proceeding,

18  all protected testimony, without prejudice to their right to so designate other testimony after

19  reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a

20  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.  If

21  a party or non-party desires to protect confidential information at trial, the issue should be

22  addressed during the pretrial conference.

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1    (c)    Other tangible items:    the producing party must affix in a prominent

2    place on the exterior of the container or containers in which the information or item is stored

3    the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant

4    protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5    **5.3    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure

6    to designate qualified information or items does not, standing alone, waive the designating

7    party's right to secure protection under this agreement for such material.   Upon timely

8    correction of a designation, the receiving party must make reasonable efforts to ensure that the

9    material is treated in accordance with the provisions of this agreement.

10   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11   **6.1    Timing of Challenges.**  Any party or non-party may challenge a designation of

12   confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality

13   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

14   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

15   challenge a confidentiality designation by electing not to mount a challenge promptly after the

16   original designation is disclosed.

17   **6.2    Meet and Confer.**  The parties must make every attempt to resolve any dispute

18   regarding confidential designations without court involvement.    Any motion regarding

19   confidential designations or for a protective order must include a certification, in the motion or

20   in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

21   conference with other affected parties in an effort to resolve the dispute without court action.

22   The certification must list the date, manner, and participants to the conference.  A good faith

23   effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER – PAGE 6

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1       **6.3     Judicial Intervention.** If the parties cannot resolve a challenge without court

2    intervention, the designating party may file and serve a motion to retain confidentiality under

3    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden

4    of persuasion in any such motion shall be on the designating party. Frivolous challenges, and

5    those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and

6    burdens on other parties) may expose the challenging party to sanctions. All parties shall

7    continue to maintain the material in question as confidential until the court rules on the

8    challenge.

9    **7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

10           **OTHER LITIGATION**

11      If a party is served with a subpoena or a court order issued in other litigation that

12   compels disclosure of any information or items designated in this action as

13   "CONFIDENTIAL," that party must:

14           (a)     promptly notify the designating party in writing and include a copy of

15   the subpoena or court order;

16           (b)     promptly notify in writing the party who caused the subpoena or order to

17   issue in the other litigation that some or all of the material covered by the subpoena or order is

18   subject to this agreement. Such notification shall include a copy of this agreement; and

19           (c)     cooperate with respect to all reasonable procedures sought to be pursued

20   by the designating party whose confidential material may be affected.

21   **8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22      If a receiving party learns that, by inadvertence or otherwise, it has disclosed

23   confidential material to any person or in any circumstance not authorized under this agreement,

STIPULATED PROTECTIVE ORDER – PAGE 7

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1    the receiving party must immediately (a) notify in writing the designating party of the

2    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

3    protected material, (c) inform the person or persons to whom unauthorized disclosures were

4    made of all the terms of this agreement, and (d) request that such person or persons provide

5    written acknowledgment that they are bound by the terms of this Stipulated Protective Order.

6    **9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

7    **PROTECTED MATERIAL**

8         When a producing party gives notice to receiving parties that certain inadvertently

9    produced material is subject to a claim of privilege or other protection, the obligations of the

10   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

11   provision is not intended to modify whatever procedure may be established in an e-discovery

12   order or agreement that provides for production without prior privilege review.  Parties shall

13   confer on an appropriate non-waiver order under Fed. R. Evid. 502.

14   **10.    NON TERMINATION AND RETURN OF DOCUMENTS**

15        Within 60 days after the termination of this action, including all appeals, each receiving

16   party must return all confidential material to the producing party, including all copies, extracts

17   and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of

18   destruction.

19        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

20   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

21   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

22   work product, even if such materials contain confidential material.

23

STIPULATED PROTECTIVE ORDER – PAGE 8

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1    The confidentiality obligations imposed by this agreement shall remain in effect until a

2 designating party agrees otherwise in writing or a court orders otherwise.

3

4              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5   DATED: 02/07/2018              /s/ Greg D. Pendleton
                                                    Attorneys for Plaintiff
6

7   DATED: 02/07/2018              /s/ Matthew S. Adams
                                                    Attorneys for Defendant
8

9

              PURSUANT TO STIPULATION, IT IS SO ORDERED.
10

11

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any
12

documents in this proceeding shall not, for the purposes of this proceeding or any other
13

proceeding in any other court, constitute a waiver by the producing party of any privilege
14

applicable to those documents, including the attorney-client privilege, attorney work-product
15

protection, or any other privilege or protection recognized by law.
16

17   DATED: 7 February 2018

18

19                                        Honorable James L. Robart
                                          United States District Court Judge
20

21

22

23

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on [date] February 7, 2018

in the case of *Snohomish County Public Hospital District No. 1 d/b/a/ Evergreen v. Hartford*

*Fire Insurance Company,* Western District of Washington Case No. 2:17-cv-01456-JLR.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

STIPULATED PROTECTIVE ORDER – PAGE 10

CAUSE NO. 2:17-CV-01456

2018088 / 462.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1

## CERTIFICATE OF SERVICE

2   The undersigned certifies under the penalty of perjury under the laws of the State of

3 Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4 resident of the State of Washington, over the age of eighteen years, not a party to or interested

5 in the above-entitled action, and competent to be a witness herein.

6   On the date given below I caused to be served the foregoing MODEL STIPULATED

7 PROTECTIVE ORDER on the following individuals in the manner indicated:

8 Mr. Greg Pendleton
Mr. Dale Kingman
9 Gordon Tilden Thomas & Cordell LLP
1001 Fourth Ave., Suite 4000
10 Seattle, WA  98154-1007
(X) Via ECF
11

12

13   **SIGNED** this 7th day of February, 2018, at Seattle, Washington.

14

15         */s/ Honor M. McQueen*
         Honor M. McQueen
16

17

18

19

20

21

22

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX